## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| MICHAEL E. DEBACKER, )<br>)<br>COMPLAINANT, )<br>)<br>AND CONCERNING, )<br>)<br>CITY OF MOLINE, )<br>JAY TITUS, INDIVIDUALLY. )<br>)<br>DEFENDANTS. ) | NO#: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael E. DeBacker, by and through his Attorney, Breanne M. Schadt of H. J. Dane Law Office, complains against Defendants, City of Moline and Jay Titus Individually, as follows:

### Nature of Action

1. This is an employment discrimination lawsuit brought by Plaintiff, Michael E. DeBacker, against Defendants, City of Moline and Jay Titus, for their unlawful discriminatory treatment of Plaintiff, Michael E. DeBacker, on the basis of his perceived disability and Defendant, City of Moline's retaliatory actions taken against Plaintiff, Michael E. DeBacker, for opposing Defendant, City of Moline's unlawful employment practices.  Further, Defendant, City of Moline, violated the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq*.  Plaintiff, Michael E. DeBacker, alleges that Defendant, City of Moline, subjected him to a hostile work environment and discrimination.  Defendant, City of Moline, violated the Americans with Disabilities Act ("ADA") by demoting Plaintiff, Michael E. DeBacker, based upon his perceived disability.  Plaintiff, Michael E. DeBacker, also alleges that after he filed his Complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and hostile work environment, Defendant, City of

Moline, retaliated against Plaintiff, Michael E. DeBacker, by failing to address his union grievance for reinstatement to his former position until the EEOC Complaint was resolved and by ultimately terminating him in retaliation for filing a Civil Rights Complaint with the EEOC and asserting his rights under the FMLA. Plaintiff, Michael E. DeBacker, also brings a slander and Intentional Infliction of Emotional Distress claims against Defendant, City of Moline and Defendant, Jay Titus, individually, and as an agent of Defendant, City of Moline. Defendant, Jay Titus, individually and as an agent of Defendant, City of Moline, is also charged with libel and tortious interference with a contract.

2. Plaintiff, Michael E. DeBacker, brings his claims pursuant to Title VII of the Civil Rights Act of 1964, the American's with Disability Act ("ADA") 42 U.S.C. §12101, *et seq*., as amended ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. §1981a, and in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq*. ("FMLA").

## Jurisdiction and Venue

3. The Court has original jurisdiction of Plaintiff, Michael E. DeBacker's Title VII, 1981 and ADA claims pursuant to 28 U.S.C. §451, 1331, 1337, 1343 and 1345, as well as 42 U.S.C. §12117(a), which incorporates by reference §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Jurisdiction is conferred upon this Court for Plaintiff, Michael E. DeBacker's, FMLA claim by 29 U.S.C. 2617(a)(2) and 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and 42 U.S.C. §2000e-5(f)(3). Defendant, City of Moline, is subject to personal jurisdiction in this district, in that, at all times relevant herein, it is located within and maintained business operations in this district and committed the unlawful acts alleged herein in this judicial district.

5. On May 25, 2012, Plaintiff, Michael E. DeBacker, filed a charge of discrimination with the

2

United States Equal Employment Opportunity Commission ("EEOC").  On July 19, 2013, the

EEOC issued to Plaintiff, Michael E. DeBacker, a Notice of Right to Sue.  A true and accurate copy

of the Notice of Right to Sue received by Plaintiff, Michael E. DeBacker, is attached hereto as

Exhibit "A."  This lawsuit is filed within ninety (90) days of Plaintiff, Michael E. DeBacker's

receipt of the Notice of Right to Sue.

### Parties

6.   Plaintiff, Michael E. DeBacker ("Plaintiff"), resides in Rock Island County, Illinois, and at

all times relevant herein, worked at Defendant, City of Moline, located in Rock Island County,

Illinois.

7.   Defendant, City of Moline, is a local governmental entity located in Moline, Rock Island

County, Illinois.  At all times relevant herein, Defendant, City of Moline, was and is an employer

with over fifty (50) employees.  At all times relevant herein, Defendant, City of Moline, has been

engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b),

(g) and (h).

8.   Individual Defendant, Jay Titus ("Titus"), is a Lieutenant with the Moline Police

Department with Defendant, City of Moline and was a Supervisor of Plaintiff, Michael E.

DeBacker, and an employer acting in the interest of Defendant, City of Moline, located at 1640 6th

Avenue, Moline, Illinois.

### Factual Allegations

9.   Plaintiff, Michael E. DeBacker, began working for Defendant, City of Moline, on or about

April 11, 1994.

10. Plaintiff, Michael E. DeBacker, was a Traffic Investigator and Firearms Instructor prior to

his demotion and subsequent termination.

3

11. Plaintiff, Michael E. DeBacker, is certified by the State of Illinois as a Traffic Crash Reconstructionist and he is also a Master Firearms Instructor, certified by the Police Training Institute of the University of Illinois.

12. Plaintiff, Michael E. DeBacker, has been a police officer for eighteen (18) years, all of which have been above standard performance without complaints or discipline.

13. On June 16, 2011, Plaintiff, Michael E. DeBacker, was taken for a psychiatric evaluation at Robert Young Center for Community Mental Health ("Robert Young"). After he was evaluated by a psychiatrist, Plaintiff, Michael E. DeBacker, was advised he could leave because he posed no threat to himself or others. After the recommendation of discharge, Defendant, City of Moline, threatened to obtain a court order committing him if he did not stay. Plaintiff, Michael E. DeBacker, voluntarily admitted himself as a result of the threats of Defendant, City of Moline.

14. Plaintiff, Michael E. DeBacker, was discharged three (3) days later without any change in medication and with two (2) psychiatrists supporting the return of his guns to his home and the reinstatement of his Firearm Owner Identification "FOID" Card.

15. Robert Young released Plaintiff, Michael E. DeBacker, to work on July 21, 2011 with no restrictions.

16. Defendant, City of Moline, refused to allow Plaintiff, Michael E. DeBacker, to return to work, even though his treating physician executed a Certification of Health Care Provider pursuant to FMLA, stating he was able to work without restrictions.

17. Defendant, City of Moline, demanded that Plaintiff, Michael E. DeBacker, undergo intensive psychological testing through Stanard & Associates, Inc. located in Chicago, Illinois.

18. Plaintiff, Michael E. DeBacker, was tested by Stanard & Associates, Inc. on August 23, 2011.

4

19. The examiners at Stanard & Associates, Inc. found that Plaintiff, Michael E. DeBacker, was fit for duty as a fully armed police officer.

20. Stanard & Associates, Inc. made multiple recommendations to help with the Plaintiff, Michael E. DeBacker's, transition back to his former position. One of such recommendations was that Plaintiff, Michael E. DeBacker, participate in an immediate meeting with his Chief and the Lieutenant towards whom the threats were allegedly made. The examiners further recommended that after the mediated session, that Officer DeBacker return to work in a light duty capacity and that while he can be armed during this time, he could benefit from a progressive transition back into his full duties. The examiners stated that given that he had been out for over two months, a slow transition would enable him to manage stress and significant changes in his position. After a month of light duty work and provided no concerning issues arise, the examiners stated that Officer DeBacker could return to his full duties.

21. Stanard & Associates, Inc. further suggested that Officer DeBacker be considered for work on a different shift, particularly if issues with his Lieutenant could not be addressed through a mediated session.

22. Defendant, City of Moline, did not follow any of Stanard & Associates, Inc.'s recommendations pertaining to Plaintiff, Michael E. DeBacker's, return to work.

23. It was not until September 15, 2011, that Defendant, City of Moline, sent a letter to Plaintiff, Michael E. DeBacker, stating that he was directed to return to work on September 19, 2011.

24. When Defendant, City of Moline, finally allowed Plaintiff, Michael E. DeBacker, to return to work, they demoted him and created a new position titled "Booking Officer" which did not appear on the Police Department Organizational Chart.

25. This position created specifically for Plaintiff, Michael DeBacker, performed primarily

tedious paperwork in the basement, without windows and an adequate controlled temperature environment.

26. Further, Defendant, City of Moline, restricted Plaintiff, Michael E. DeBacker's, physical access to many areas of the department, including the garage, all of the indoor shooting range related areas, records, and the Traffic Investigations Section.

27. Defendant, City of Moline, restricted Plaintiff, Michael E. DeBacker, from driving any marked or unmarked official police cars.

28. Defendant, City of Moline, banned Plaintiff, Michael E. DeBacker, from handling any firearms or firearms equipment.

29. Defendant, City of Moline, banned Plaintiff, Michael E. DeBacker, from wearing a police uniform or displaying any police insignia.

30. On September 26, 2012, Jay Titus, filed a Complaint with the Board of Fire and Police Commissioners against the Chief of Police for his decision to not discipline Plaintiff, Michael E. DeBacker, for the alleged threat against Lieutenant Titus. Lieutenant Titus requested that Plaintiff, Michael E. DeBacker be terminated. The Fire and Police Commission reaffirmed that there were no grounds for Plaintiff, Michael E. DeBacker, to be disciplined.

31. Contrary to past practice and despite the fact that the decision contained confidential medical information and records of the Plaintiff, Michael E. DeBacker, Defendant, City of Moline, made the Commission's fifteen page decision available to the press.

32. The decision was published in the newspaper and is available with a simple Google search of Plaintiff, Michael E. DeBacker's, name.

33. Plaintiff, Michael E. DeBacker, notified his Chief and Captains of his desire for reinstatement to his former position on several occasions.

34. At one point, the Chief stated that as long as Plaintiff, Michael E. DeBacker, was on any medication, he did not want Plaintiff, Michael E. DeBacker, to have a gun.

35. Plaintiff, Michael E. DeBacker, was under the impression that his assignment was transitional; however, when testifying at a hearing of the Board of Fire and Police Commissions, the Chief stated that Plaintiff, Michael E. DeBacker, or the FOP needed to request a change in restrictions.

36. On February 8, 2012, Plaintiff, Michael E. DeBacker, formally requested reinstatement to his prior position.  The Defendant, City of Moline, took no action on Plaintiff, Michael E. DeBacker's, formal request.

37. On May 18, 2012, Plaintiff, Michael E. DeBacker, again formally requested reinstatement to his prior position.

38. The Chief advised Plaintiff, Michael E. DeBacker, that many other Officers and supervisors did not want to work with Plaintiff, Michael E. DeBacker.

39. After Plaintiff, Michael E. DeBacker, returned to work, he was questioned by his Captain on numerous occasions about statements he allegedly made to co-workers.  Plaintiff, Michael E. DeBacker's, Captain advised him not to talk to anyone unless they talked to him first.  The statements Plaintiff, Michael E. DeBacker, made to his co-workers that resulted in these discussions with his Captain did not violate any policy, nor were they insulting or degrading to anyone.

40. On another occasion, Plaintiff, Michael E. DeBacker's, Captain counseled him to avoid being in the same general area of the building as Lieutenant Titus.

41. Plaintiff, Michael E. DeBacker, was advised he should use a separate door for entry and departure from work.

42.  Defendant, City of Moline, told Plaintiff, Michael E. DeBacker, they would not address his

grievance for failing to reinstate him to his prior position until the EEOC Complaint was resolved.

43. Plaintiff, Michael E. DeBacker, and Defendant, City of Moline, participated in an EEOC mediation on July 9, 2012 wherein a settlement was not reached.

44. On August 8, 2011, shortly after Plaintiff, Michael E. DeBacker's, mediation on his EEOC Complaint, Defendant, City of Moline, terminated him in retaliation for filing his complaint with the EEOC.

### Count I:  Violation of Title VII and the ADA

45. Plaintiff re-alleges and incorporates herein paragraphs 1 through 44, inclusive, as set forth above.

46. Plaintiff, Michael E. DeBacker, brings this cause pursuant to the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, and the Civil Rights Act of 1991.

47. Plaintiff, Michael E. DeBacker, has filed this cause subsequent to the timely filing of a charge of discrimination based upon disability and perceived disability with the Equal Employment Opportunity Commission and later filed an amended complaint adding the charge of retaliation, a true and correct copy of the original complaint and amended complaint are attached hereto and incorporated herein as Exhibit "B."

48. Plaintiff, Michael E. DeBacker, filed this cause pursuant to a Right to Sue letter issued by the Department of Justice within the statutory time requirements, a true and attached copy which is attached hereto as Exhibit "A."

49. Plaintiff, Michael E. DeBacker, at all times relevant hereto, was a disabled person, as defined by 42 U.S.C. 12102(2).

50. Plaintiff, Michael E. DeBacker, at all times relevant hereto, was regarded and perceived as disabled by his employer.

8

51. Since July 21, 2011, Defendant, City of Moline, has engaged in unlawful employment practiced in violation of Title I of the ADA, 42 U.S.C §12112(a) and (b).  These practices include, but are not limited to: failing to return Plaintiff, Michael E. DeBacker, to work after he was released with no restrictions; demoting Plaintiff, Michael E. DeBacker, because of his perceived disability; isolating Plaintiff, Michael E. DeBacker from his colleagues; not allowing Plaintiff, Michael E. DeBacker, to carry a firearm in the performance of his employment duties; not allowing Plaintiff, Michael E. DeBacker, to access many areas within the Moline Police Department accessed by other police officers with similar duties; advising Plaintiff, Michael E. DeBacker, that he could not speak to his co-workers unless spoken to; depriving him of the right to wear his police uniform or any police insignia in the exercise of his employment; making derogatory comments about Plaintiff, Michael E. DeBacker, to employees of the Moline Police Department; interfering with Plaintiff, Michael E. DeBacker's, attempt to reinstate his FOID Card; creating a hostile environment; and terminating Plaintiff, Michael E. DeBacker, because of his perceived disability or disability.

52. The effect of the practices complained of above have been to deprive Plaintiff, Michael E. DeBacker, of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability or perceived disability in violation of Title I of the ADA, 42 U.S.C. §12112.

53. Defendant, City of Moline, at all times relevant hereto, was an employer as defined by 42 U.S.C. 12111(5).

54. Defendant, City of Moline's actions as described above constitute illegal discrimination based on disability or perceived disability, in violation of Plaintiff, Michael E. DeBacker's, rights secured to him by Title VII.

55. As a result of Defendant, City of Moline's, hostile work environment and discrimination

because of Plaintiff, Michael E. DeBacker's, perceived disability, Plaintiff, Michael E. DeBacker, has suffered injuries to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life and other pecuniary and non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. 1981a.

56. Defendant, City of Moline's, discriminatory conduct as aforesaid was intentional and done with malice or with reckless indifference to the federally protected rights of Plaintiff, Michael E. DeBacker's, civil rights.

57. Plaintiff, Michael E. DeBacker, is entitled to declaratory and monetary relief to remedy and compensate him for the effects of Defendant, City of Moline's, unlawful actions.

### Prayer for Relief

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count I of his Complaint and that:

A.     The Court issue a declaratory judgment against Defendant, City of Moline, finding that Defendant, City of Moline violated the rights of Plaintiff, Michael E. DeBacker, under Title VII and the ADA by subjecting him to repeated and continuous discrimination based on his disability or perceived disability and hostile work environment;

B.     The Court award Plaintiff, Michael E. DeBacker, compensatory damages for injury to Plaintiff, Michael E. DeBacker's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages and other benefits of employment and other pecuniary and non-pecuniary damages;

C.     The Court award Plaintiff, Michael E. DeBacker, an award of lost wages in an amount to be determined at the time of trial;

D.     The Court order Defendant, City of Moline, to reinstate Plaintiff, Michael E.

DeBacker, instanter, with all pay, benefits and privileges he had before he was terminated;

E.      The Court award Plaintiff, Michael E. DeBacker, front pay, with all pay, benefits and privileges he had before he was terminated, if the Court deems reinstatement instanter to be inappropriate;

F.      The Court award Plaintiff, Michael E. DeBacker, punitive damages for Defendant, City of Moline's malicious and reckless conduct in amounts to be determined at trial;

G.      The Court award Plaintiff, Michael E. DeBacker, his attorney's fees and costs and expenses for bringing this suit, including expert witness fees and for pre-judgment interest in an amount to be determined at the time of trial;

H.      The Court award such other and further relief as the Court deems equitable and just.

### Count II: Violation of Title VII (Retaliation)

58. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 57, inclusive, as set forth above.

59. Plaintiff, Michael E. DeBacker, requested to be reinstated to his former position on numerous occasions, made two specific formal requests for reinstatement, and filed a union grievance seeking reinstatement.

60. Defendant, City of Moline, failed to respond to the grievance as a result of Plaintiff, Michael E. DeBacker, filing an EEOC Complaint.

61. In fact, the Defendant, City of Moline, affirmatively stated on July 9, 2012 that they would not address the grievance until the EEOC Complaint was resolved.

62. On August 8, 2012, shortly after the EEOC mediation, Defendant, City of Moline, terminated Plaintiff, Michael E. DeBacker.

63. The retaliation alleged herein was intentional and done with malice or with reckless

indifference to the federally protected rights of Plaintiff, Michael E. DeBacker.

64. Defendant, City of Moline's actions as described above constitute illegal discrimination based on retaliation in violation of Plaintiff, Michael E. DeBacker's rights secured to him by Title VII.

65. Plaintiff, Michael E. DeBacker, has been harmed by Defendant, City of Moline's retaliation of him, which includes, but is not limited to, loss of salary, loss of employment related benefits, the incurrence of out-of-pocket expenses, degradation, embarrassment, humiliation and emotional distress.

66. As a result of Defendant, City of Moline's retaliation, Plaintiff, Michael E. DeBacker, is entitled to declaratory and monetary relief to remedy and compensate him for the effects of Defendant, City of Moline's unlawful actions.

## Prayer for Relief

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count II of his Complaint and that:

A.      The Court issue a declaratory judgment against Defendant, City of Moline, finding that Defendant, City of Moline, violated the rights of Plaintiff, Michael E. DeBacker, under Title VII in taking adverse employment actions against him in retaliation for his complaints of disability or perceived disability discrimination;

B.      The Court make Plaintiff, Michael E. DeBacker, whole by awarding Plaintiff, Michael E. DeBacker, equitable monetary relief in the form of lost salary, with interest thereon, reimbursement for loss of employment related benefits, with interest thereon, and reimbursement for out-of-pocket expenses for Defendant, City of Moline's violations of Title VII;

C.      The Court award Plaintiff, Michael E. DeBacker, compensatory damages for

Defendant, City of Moline's retaliation against Plaintiff, Michael E. DeBacker, in violation of Title VII;

      D.     The Court award Plaintiff, Michael E. DeBacker, punitive damages for Defendant, City of Moline's retaliation against Plaintiff, Michael E. DeBacker, in violation of Title VII;

      E.     The Court award Plaintiff, Michael E. DeBacker, his attorney's fees, costs and expenses, including expert witness fees;

      F.     The Court order Defendant, City of Moline, to pay pre-judgment and post-judgment interest on all monetary amounts awarded in this action, as provided by law; and

      G.     The Court award such other and further relief as the Court deems equitable and just.

### Count III: Intentional Infliction of Emotional Distress

67. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 66, inclusive, as set forth above.

68. Throughout the period of June 16, 2011 until August 8, 2012, Defendant, City of Moline, and Defendant, Jay Titus, individually, and as an agent of the Defendant, City of Moline, committed the following extreme and outrageous, willful and wanton acts against Plaintiff, Michael E. DeBacker:

      a.   Discussed Plaintiff, Michael E. DeBacker's, confidential health information with individuals;

      b.   Made false and derogatory comments about Plaintiff, Michael E. DeBacker to Plaintiff, Michael E. DeBacker's, co-workers and superiors and the Illinois State Police;

      c.   Wrongfully released information which contained Plaintiff, Michael E. DeBacker's, confidential health information to the media;

  **d.** Intentionally interfered with Plaintiff, Michael E. DeBacker's, attempt to get his FOID Card reinstated;

  **e.** Made false representations to the Illinois State Police regarding the incidents that occurred on June 16, 2011;

  **f.** Made false representations to the Illinois State Police that the failure to reinstate Plaintiff, Michael E. DeBacker's, FOID Card would not interfere with his employment with Defendant, City of Moline.

  **g.** Defendant, Jay Titus, made numerous attempts to have Plaintiff, Michael E. DeBacker, terminated, including filing a Complaint against the Chief of Police for not disciplining Plaintiff, Michael E. DeBacker and interfering with Plaintiff, Michael E. DeBacker's, attempts to get his FOID Card reinstated.

69. Defendant, City of Moline, and Defendant, Jay Titus, individually and as an agent of the Defendant, City of Moline, extreme and outrageous, willful and wanton conduct was done with the intent to cause severe emotional distress to the Plaintiff, Michael E. DeBacker, or was done with reckless disregard of the high likelihood of causing emotional distress.

70. Defendant, City of Moline, and Defendant, Jay Titus, individually and as an agent of the Defendant, City of Moline, extreme and outrageous, willful and wanton conduct, caused Plaintiff, Michael E. DeBacker, to suffer severe emotional distress.

### Prayer for Relief

  WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count III of his Complaint and:

  A. Order Defendant, City of Moline, to pay Plaintiff, Michael E. DeBacker, damages in an amount equal to the sum of lost earnings and benefits of employment had the Plaintiff, Michael

E. DeBacker, not been discharged.

B.     Award Plaintiff, Michael E. DeBacker, his costs in this action, including reasonable attorney's fees, costs and expert witness fees.

C.     Order payment of prejudgment and post judgment interest, as appropriate, and all amounts due to Plaintiff, Michael E. DeBacker, as a result of this action.

D.     Order Individual Defendant, Jay Titus, jointly and severally liable with Defendant, City of Moline.

E.  Order such other and further relief as the Court deems just and proper.

### Count IV: Violation of FMLA (Interference)

71. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 70, inclusive, as set forth above.

72. Plaintiff, Michael E. DeBacker, brings this cause pursuant to the FMLA, 29 U.S.C. §2615(a)(1) which prohibits an employer from "interfere[ing] with the exercise or the attempt to exercise, any right" provided by the FMLA.

73. Under the FMLA, Plaintiff, Michael E. DeBacker, was entitled to reinstatement to his job or a substantially equivalent position upon his return from leave.

74. Defendant, City of Moline, failed to timely reinstate Plaintiff, Michael E. DeBacker, upon the termination of his FMLA leave.

75. When Defendant, City of Moline, eventually reinstated Plaintiff, Michael E. DeBacker, he was not restored to his prior position or to a position with equivalent pay, benefits and other terms and conditions of employment.

76. Defendant, City of Moline, interfered with Plaintiff, Michael E. DeBacker's, FMLA rights by refusing to timely reinstate Plaintiff, Michael E. DeBacker, to his job or a substantially

equivalent position upon his return from leave.

## Prayer for Relief

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count IV of his Complaint and that:

A.      Order that Defendant, City of Moline, reinstate Plaintiff, Michael E. DeBacker, in the position that he held prior to taking his FMLA Leave and that he be compensated at the rate of pay that he earned prior to that date, plus any bonuses and pay increases Plaintiff, Michael E. DeBacker, would have likely received;

B.      Order Defendant, City of Moline, to make Plaintiff, Michael E. DeBacker, whole by compensating him for past lost earnings and benefits of employment in accordance with 29 U.S.C. §2617(a)(1)(A)(i)(I);

C.      Order Defendant, City of Moline, to pay Plaintiff, Michael E. DeBacker, to pay interest on his damages in accordance with 29 U.S.C. §2617(a)(1)(A)(ii);

D.      Order Defendant, City of Moline, to pay Plaintiff, Michael E. DeBacker, liquidated damages in an amount equal to the sum of paragraphs B and C above, in accordance with 29 U.S.C. §2617(a)(1)(A)(iii);

E.      Award Plaintiff, Michael E. DeBacker, his costs in this action, including reasonable attorney's fees, costs, and expert witness fees in accordance with 29 U.S.C. §2617(a)(3);

F.      Order payment of pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff, Michael E. DeBacker, as a result of this action;

G.  Order such other and further relief as the Court deems just and proper.

## Count V: Violation of FMLA (Retaliation)

77. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 76,

inclusive, as set forth above.

78. The FMLA at 29 U.S.C. §2615(a)(2) provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."

79. Under the FMLA, Plaintiff, Michael E. DeBacker, was entitled to be reinstated to his prior position or a substantially equivalent position upon his return from leave and Defendant, City of Moline, failed to do so.

80. When Plaintiff, Michael E. DeBacker, complained about Defendant's failure to reinstate him, he was terminated.

81. Defendant, City of Moline, discriminated and retaliated against Plaintiff, Michael E. DeBacker, by terminating his employment for exercising or attempting to exercise his FMLA rights.

**Prayer for Relief**

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count V of his Complaint and that:

A.      Order Defendant, City of Moline, to reinstate Plaintiff, Michael E. DeBacker, in the position that he held prior to taking his FMLA leave and that he be compensated at the rate of pay that he earned prior to that date, plus any bonuses and pay increases Plaintiff, Michael E. DeBacker, would have likely received;

B.      Order Defendant, City of Moline, to make Plaintiff, Michael E. DeBacker, whole by compensating him for past lost earnings and benefits of employment in accordance with 29 U.S.C. §2617(a)(1)(A)(i)(I);

C.      Order Defendant, City of Moline, to pay Plaintiff, Michael E. DeBacker, to pay interest on his damages in accordance with 29 U.S.C. §2617(a)(1)(A)(ii);

D.     Order Defendant, City of Moline, to pay Plaintiff, Michael E. DeBacker, liquidated damages in an amount equal to the sum of paragraphs B and C above, in accordance with 29 U.S.C. §2617(a)(1)(A)(iii);

E.     Award Plaintiff, Michael E. DeBacker, his costs in this action, including reasonable attorney's fees, costs, and expert witness fees in accordance with 29 U.S.C. §2617(a)(3);

F.     Order payment of pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff, Michael E. DeBacker, as a result of this action;

G.     Order such other and further relief as the Court deems just and proper.

### Count VI: Defamation-Libel

82. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 81, inclusive, as set forth above.

83. Defendant, Jay Titus, individually and as an agent of Defendant, City of Moline, wrote emails to several individuals with the Illinois State Police, and provided a notarized statement to the Illinois State Police dated November 2, 2011.  The statements made by Defendant, Jay Titus, in both the emails and the letters to the Illinois State Police, contained many false and derogatory statements about Plaintiff, Michael E. DeBacker, and the contents have defamed Plaintiff, Michael E. DeBacker.

84. Plaintiff, Michael DeBacker, learned of the emails and statement written by Defendant, Jay Titus, on or about July 11, 2013 when he received these documents from the Illinois State Police.

85. The words contained in the emails and letter are libelous *per se* in that, on their face, they degrade Plaintiff, Michael E. DeBacker, subject Plaintiff, Michael E. DeBacker, to hatred, humiliation, contempt, ridicule and have tended to and indeed have injured Plaintiff, Michael E. DeBacker, in his personal life and his trade in business, and have exposed Plaintiff, Michael E.

DeBacker, to contempt and the depravation of the benefit of public confidence.

86. Defendant, Jay Titus, individually and as an agent of Defendant, City of Moline, stated in his emails and notarized statement that Plaintiff, Michael E. DeBacker, was going to murder him and "his plan was very specific, over a period of time and he took steps to carry through with it" and that Plaintiff, Michael E. DeBacker, is "definitely a danger to the public and is unstable."

87. Defendant, Jay Titus, individually and as an agent of Defendant, City of Moline, has caused the statement and emails to be circulated amongst the Illinois State Police.

88. Each email and statement sent by Defendant, Jay Titus, and each false assertion constitutes an individual publication of the libelous and defamatory statements contained in the emails and notarized statement made by Defendant, Jay Titus.

89. Defendant, Jay Titus, made the defamatory comments with actual malice and knowing the statements were false.

90. Damages to the Plaintiff, Michael E. DeBacker's, reputation may be implied by law from the libelous *per se* nature of the defamatory statements made by the Defendant, Jay Titus, regarding Plaintiff, Michael E. DeBacker and were injurious to him in his profession.

91. The false and defamatory written publications of Defendant, Jay Titus, regarding Plaintiff, Michael E. DeBacker, were the proximate cause of damages to Plaintiff, Michael E. DeBacker.

**Prayer for Relief**

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count VI of his Complaint and that:

A.    Order Defendants, Jay Titus and the City of Moline, to pay any and all damages allowed by law and equity, including, but not limited to, compensatory damages, actual damages, special damages, pecuniary damages;

B.      Award Plaintiff, Michael E. DeBacker, his costs in this action, including reasonable attorney's fees, court costs, interest and expert witness fees; and

C.      Order such other and further relief as the Court deems just and proper.

### Count VII: Defamation-Slander

92. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 91, inclusive, as set forth above.

93. Defendant, Jay Titus, individually and as an agent of Defendant, City of Moline, has orally communicated to numerous individuals in Illinois one of more of the following:

     a.    That Plaintiff, Mike DeBacker, is crazy.

     b.    That Plaintiff, Mike DeBacker, had specific plans to murder him and his family.

     c.    That Plaintiff, Mike DeBacker, had elaborate maps and drawings of his home, along with plans of approach to kill him and his family.

     d.    That Plaintiff, Michael E. DeBacker, took steps to carry through with his murder.

     e.    Questioning Plaintiff, Mike DeBacker's, competency in his profession.

     f.    The Plaintiff, Michael E. DeBacker, is unstable and a danger to the public.

94. Defendant, Jay Titus's, allegations are false and were known to Defendant, Jay Titus, to be false at the time in which they were made.

95. Said communications were and are defamatory *per se* in that they charge Plaintiff, Michael E. DeBacker, indictable criminal conduct punishable by imprisonment or jail and they were injurious to the Plaintiff in his profession.

96. Defendant, Jay Titus, caused these false and defamatory statements to be published to third parties.

97. Said false and defamatory statements and communications of Defendant, Jay Titus, were

made with malice.

98. Said false and defamatory statements and communications of Defendant, Jay Titus, were the proximate cause of damages to Plaintiff, Michael E. DeBacker.

### Prayer for Relief

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count VII of his Complaint and that:

    A.    Order Defendant, City of Moline, to pay any and all damages allowed by law and equity, including, but not limited to, compensatory damages, actual damages, special damages, pecuniary damages, punitive damages;

    B.    Award Plaintiff, Michael E. DeBacker, his costs in this action, including reasonable attorney's fees, court costs, interest and expert witness fees; and

    C.    Order such other and further relief as the Court deems just and proper.

### Count VIII: Tortious Interference of a Contract

99. Plaintiff, Michael E. DeBacker, re-alleges and incorporates herein paragraphs 1 through 98, inclusive, as set forth above.

100.    Plaintiff, Michael E. DeBacker, had a Contract with Defendant, City of Moline, for employment.

101.    Defendant, Jay Titus, had knowledge of Plaintiff, Michael E. DeBacker's, Contract with Defendant, City of Moline, for employment.

102.    Defendant, Jay Titus, filed a Complaint on September 26, 2012 with the Board of Fire and Police Commissioners against the Chief of Police for his decision not to discipline and terminate Plaintiff, Michael E. DeBacker, for the alleged unfounded threats.

103.    Further, Defendant, Jay Titus, intentionally interfered with Plaintiff, Michael E.

DeBacker's, Contract with the Defendant, City of Moline, by making the defamatory statements set forth in Count's VI and VII herein with knowledge and malice in order to cause a breach or termination of an existing contract that Plaintiff, Michael E. DeBacker, had with Defendant, City of Moline.

104.    Defendant, Jay Titus, further made false representations to the Illinois State Police in emails and a notarized written statement in an effort to prevent Plaintiff, Michael E. DeBacker, from having his FOID Card reinstated, knowing that this would impact his employment contract with Defendant, City of Moline.

105.    Said actions of Defendant, Jay Titus, were the proximate cause of damages to Plaintiff, Michael E. DeBacker, as Plaintiff, Michael E. DeBacker's, contract for employment with Defendant, City of Moline, was terminated.

106.    Plaintiff, Michael E. DeBacker, has been damaged as a result of Defendant, Jay Titus's, intentional and tortious interference with his contract for employment.

**Prayer for Relief**

WHEREFORE, Plaintiff, Michael E. DeBacker, prays that the Court grant relief on Count VIII of his Complaint and that:

A.    Order Defendant, Jay Titus, to pay any and all damages allowed by law and equity, including, but not limited to, compensatory damages, actual damages, special damages, pecuniary damages, punitive damages;

B.    Award Plaintiff, Michael E. DeBacker, his costs in this action, including reasonable attorney's fees, court costs, interest and expert witness fees; and

C.    Order such other and further relief as the Court deems just and proper.

22

## **Demand for Jury Trial**

Plaintiff, Michael E. DeBacker, demands trial by Jury on all issues for which a jury trial is allowed.

DATED: <u>July 19, 2013</u>

<div style="margin-left: 40%;">

By:   /s/ Breanne M. Schadt

Breanne M. Schadt, Attorney for Plaintiff
IA#1630317; IL#6287300
1111 E. River Drive
Davenport, IA  52803
Phone:  (563) 326-0006
Fax:  (563) 326-6204

</div>

STATE OF IOWA          )
                       )
COUNTY OF SCOTT        )

### VERIFICATION

MICHAEL E. DEBACKER, the Plaintiff, under penalties as provided by Rule 11 of the Federal Rules of Civil Procedure, hereby verifies that he has read the foregoing Complaint and that the matters contained therein are true and correct to the best of his knowledge.

DATED: July 16, 203

MICHAEL E. DEBACKER

Subscribed and sworn to before me this 16th day of July, 2013.



NOTARY PUBLIC

JENNIFER LAGE
Commission Number 748126
My Commission Expires
July 31, 2013